Freddie **DUNN** and **Ralph Jakes, Individually, and on behalf of all others similarly situated, Plaintiffs,**

v.

**NEW YORK STATE DEPARTMENT OF LABOR and its Industrial Commissioner, Louis L. Levine, Defendants.**

**No. 73 Civ. 1656.**

United States District Court, S. D. New York.

June 28, 1973.

The Legal Aid Society of Westchester County for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for defendants by Brenda S. Soloff, New York City, of counsel.

## MEMORANDUM AND ORDER

DUFFY, District Judge.

There are two motions presently before the Court in this case: (1) a motion for a determination that the action was properly brought as a class action; and (2) a later motion to amend the complaint to add two named parties plaintiff. In view of the fact that there was no opposition to the motion to amend the complaint, that motion is granted, and the sole question before the Court is whether this action may be maintained as a class action.

The named plaintiffs in this case are all claimants of unemployment benefits. They claim that they and all other members of the alleged class have been denied their rights secured by 42 U.S.C.A. § 503(a)(1) and (3), and by the United States Constitution, in that (1) unemployment benefits have been withheld pursuant to decisions not based on sufficient or competent evidence, and (2) "fair hearings" have not been held on contested benefit claims within a reasonable time.[1]

The alleged class includes the named plaintiffs:

". . . and all other persons who have been denied or will in the future be denied unemployment insurance benefits by the defendant Department of Labor pursuant to determinations based upon insufficient or incompetent information supplied by employers and others, which determinations have not been or will not be reviewed in a fair hearing with a decision thereon within in a reasonable time. The number of persons in the class, which numbers approximately 10,000, is so numerous that joinder of all its members is impracticable." (Amended complaint, paragraph 6.)

The plaintiffs seem to concede that the definition of the class is inartfully drawn but they argue that "membership of the class need not be identified with precision until after the merits are adjudicated . . ." (Plaintiffs' Reply Brief, p. 4.) Be that as it may, it does not resolve the real question raised by their proposed definition, which is whether or not there are questions of law and fact common to the class.

█ Plaintiffs cannot seriously claim that the question of whether defendants have denied benefits "pursuant to determinations based on insufficient or incompetent information" is a question of law or fact common to the class. Clearly this is a question which must be decided separately for each claimant according to the facts of his case. Since determination of this issue will be possible only as to those claimants who actually come before the Court, I cannot allow a class suit on this issue. Rule 23(c)(4), Federal Rules of Civil Procedure.

█ Indeed, plaintiffs appear to recognize this problem. In their motion for a class action determination, they redefine the proposed class, omitting all references to insufficiency or incompetency of evidence. The composition of the newly proposed class is:

"All claimants of New York unemployment insurance benefits who have been

---

1. It would appear that the "Hearing Officer" staff of the defendant is woefully undermanned and terribly overworked, and I am sure that no one connected with this action is pointing an accusatory finger at these dedicated public officials.

or may be determined to be ineligible for such benefits by defendants, and who have requested or may request a hearing before a referee to review such determinations, and who have not received a decision from such hearing and the unemployment insurance benefits due them."

As to this proposed class, there may be the common questions of what constitutes a reasonable time between the request for a hearing and a hearing, and between a favorable decision and the resumption of benefits.[2] As to these issues, a class action may be appropriate.

The motion for a determination that this case may be maintained as a class action is granted on condition that the complaint is amended to redefine the class as set forth in the motion dated May 15, 1973.

So ordered.

2. The time permitted between the hearing and the decision thereon is limited by statute to five days. N.Y.Labor Law, § 620(3) (McKinney's Consol.Laws, c. 31, 1965).