**Decided July 22, 1987**

JUAN GOMEZ 1 through       )        CIVIL ACTION NO. 87-0008
JUAN GOMEZ 17,             )
                           )             DECISION
        Plaintiffs,        )
                           )
        vs.                )
                           )
WESTERN EQUIPMENT, INC.    )
                           )
        Defendant.         )
                           )
_____  )

On June 8, 1987, Plaintiffs filed suit alleging that Defendant Western Equipment, Inc., had failed to pay overtime wages in violation of both Title 29 U.S.C. §207 and Title 4 CMC §9222. Plaintiffs further alleged that Defendant had violated the terms of certain government contracts which required that Plaintiffs be paid a specified hourly rate. Although Plaintiffs are not a party to these government contracts, they contend that they are third-party beneficiaries and, consequently, entitled to maintain an action on the contract.

The unique twist in this case is the fact that Plaintiffs filed suit under assumed names. They have sought a protective order asking this Court to permit them to proceed under aliases until it can be determined whether the Court will accept their position that they are beneficiaries to the contracts.

Plaintiffs feel that it is necessary to proceed under fictitious names during the preliminary stages of this lawsuit to protect themselves from adverse actions from their employer when

**98**

it learns the names of the individuals who are suing it. Additionally, in oral argument it was brought out that the Commonwealth Legislature has recently passed Public Law 5-32 which was signed into law by the Governor and is effective July 29, 1987. This law provides that an alien who is not employed and, consequently, not entitled to remain in the Commonwealth under an alien worker status, is deportable, despite the fact that he or she is involved in a pending lawsuit. The law allows the alien to return to the Commonwealth, at his or her own expense, one week prior to the commencement of trial. On the other hand, the former law, 3 CMC §4437(b)(1), allowed alien workers who had filed suit against their former employers to remain in the Commonwealth until the complaint was reduced to judgment.

Federal Rule of Civil Procedure 17(a) requires that every action be prosecuted in the name of the real party in interest. There are numerous exceptions to the rule, however. See, e.g., Roe v. Wade, 410 U.S. 113 (1973). Generally, the exceptions to the rule requiring identification of the real party in interest are limited to those situations wherein a party can show a strong privacy interest or a threat of physical danger. As Defendant points out, economic harm is generally not a sufficient ground to proceed under a fictitious name. Coe v. United States District Court for the District of Colorado, 676 F.2d 411, 417 (10th Cir. 1982). Plaintiffs have submitted authority for the opposite proposition, Gomez v. Buckeye Sugars, 60 F.R.D. 10 (N.D. Ohio 1973), but the general rule still remains.

The circumstances surrounding this lawsuit militate that Plaintiffs be allowed to proceed temporarily under fictitious names. Defendant has pointed out that Plaintiffs have not shown any situation in which Defendant has terminated an employee because he or she has filed a lawsuit. Defendant also has pointed out that Plaintiffs have not shown any situation where Defendant has not paid its employees in full. As to the second point, this lawsuit will determine if Defendant has acted as altruistically as it now claims. As to the first, Defendant or any other employer would be hard-pressed to deny the attractiveness of summary termination of an employee who has filed suit against an employer. The employee is rendered immediately deportable and only allowed to return to the Commonwealth at his or her own expense one week before trial begins. This, naturally, would render any effective suit practically impossible. This law encourages employers to terminate their alien employees, with or without cause, at the commencement of a suit. The breach of an employment contract is not illegal; it is an economic decision and for this reason there are no negative or punitive consequences attached to it.

Arguably, the Court's decision to allow Plaintiffs to proceed under assumed names is based merely on speculation that the Defendant will terminate Plaintiffs' contracts. Termination would necessarily result in economic harm to Plaintiffs. But the Court sees it as much more. Defendant's rational business decision to terminate litigious employees will, under the new law, frustrate the functions and the purpose of this tribunal. Plaintiffs will be deportable and once removed to the Philippines

their attorney will be left to prosecute the case without clients. This is not to say that the case cannot proceed but the Court can envision the morass that will develop as a result of Plaintiffs' absence. Additionally, in many instances this law will effectively preclude an aggrieved alien worker from seeking redress in this Court, or the Commonwealth Trial Court, which he has a right to do, due to the fact that he will be whisked away to the Philippines during the pendency of the litigation.

As a further basis for compelling Plaintiffs to reveal their names, Defendant points out that this suit is brought pursuant to the Court's diversity jurisdiction and that without the names of the Plaintiffs, diversity cannot be established. This argument is meritless. First, and foremost, Plaintiffs' counsel has signed the complaint, and, therefore, verified under Rule 11 that all plaintiffs are citizens of the Philippines. Diversity exists between aliens and CNMI corporations. Second, Plaintiffs also base jurisdiction on Title 29 of the United States Code and, even assuming arguendo that Plaintiffs are not aliens, the Court has jurisdiction over this action and any pendent state claims under 28 U.S.C. §1337.

For these reasons, Plaintiffs' motion for a protective order to allow them to proceed temporarily under fictitious names shall be GRANTED.